[No. 943. Decided January 17, 1894.]

D. B. MOORMAN AND KATE W. MOORMAN, *Respondents*, v.
SEATTLE & MONTANA RAILWAY COMPANY, *Appellant*.

EVIDENCE — VARYING WRITTEN INSTRUMENT — FAILURE OF CONSID-
ERATION FOR CONVEYANCE OF LAND — MEASURE OF DAMAGES.

Where, in an action against a railroad company for damages for
failure to dig a ditch, a written contract is set out in the complaint
containing a conveyance of a right-of-way to the railroad on the
condition subsequent that it excavate a certain ditch, evidence tend-
ing to show other terms of the contract which had not been included
in the writing is inadmissible.

A railroad company agreed to build a certain ditch in considera-
tion of the conveyance to it of lands for right-of-way purposes.   At
a meeting of the land owners affected it was agreed that M. should
convey a strip of land for right-of-way, which was appraised as
worth $1,000, and that adjoining land owners whose premises would
be benefited by the ditch should give their notes to M. for $1,000,
conditioned upon the construction of the ditch by the railroad com-
pany.   The appraisers were selected by the land owners from their
disinterested neighbors.   The company's right-of-way agent who
negotiated for the conveyances was present at the meeting, and re-
ceived from the land owners their assent to his proposal to dig the
ditch for the right-of-way, but it was not shown that the agent par-
ticipated in any of the arrangements made between the ditch bene-
ficiaries, nor that he was consulted in regard to the appraisement
or the award of notes.   The conveyance was made, but the company
failed to dig the ditch, and M. brought suit for damages in the sum
of $1,000, as fixed by said appraisement and notes.   *Held*, That the
company's liability could not be measured by the appraisement had
by the land owners among themselves, and that the report of the
appraisers was not admissible in evidence.

*Appeal from Superior Court, Skagit County.*

*Burke, Shepard & Woods,* for appellant.

*Million & Houser,* for respondents.

The opinion of the court was delivered by

STILES, J.— Respondents sued to recover $1,000 damages
for the failure of the appellant to dig a certain ditch, other

damages claimed in the complaint being abandoned at the trial. This measure of damage was sought to be deduced, and was sustained by the court below upon the theory that the appellant had in some way made itself liable for the default of certain third parties in failing to pay respondents the sum mentioned as a consideration for their conveyance to appellant of a right-of-way for its railroad. The allegations of the complaint were very strongly put, and this fact may have led to the admission of much incompetent testimony. What respondents proposed to prove was, that the appellant had procured from them a conveyance of a strip of land for right-of-way purposes under an agreement participated in by both parties to this case and by the third parties mentioned, to the effect that if the respondents would convey the right-of-way the appellant would dig the ditch, and the third parties would pay the $1,000; but the proof went no further than the establishment of a contract between respondents and appellant, under which the former made a conveyance and the latter agreed to dig the ditch. This contract was in writing, being the conveyance itself, which contained the stipulations concerning the ditch, in the habendum, as follows:

"To have and to hold the said premises, with appurtenances, unto the said party of the second part, and to its successors and assigns forever, subject to the following conditions, which are made a part of the consideration of the foregoing transfer: The said party of the second part, its successors and assigns, shall excavate and maintain a continuous and sufficient ditch, not less than four and one-half feet deep, along each side of its grade or embankment, across the aforesaid strip of land, to carry off the drainage of the lands adjacent thereto, and shall continue and maintain a suitable and sufficient ditch, not less than four and one-half feet deep, on one or both sides of its grade or embankment, to a point on or near the south boundary line of Skagit county; . . . said ditch or ditches to be completed to their outlets on completion of the road."

The road was completed but the ditch was not built, and the appellant admits that it does not intend to build it, for the reason that the country is so nearly level that a ditch along its right-of-way would be of no value whatever for drainage.

With the written contract of the parties pleaded as a part of the complaint, it was error for the court to admit evidence tending to show terms of the contract which had not been included in the writing.    By a reformation of the deed, alone, could such evidence have become competent.

But, had this evidence been admissible, it would have been insufficient.    It was shown that in 1890 the county commissioners had ordered the construction of a ditch along the line of the route afterwards selected by the appellant under the ditch law of that year (Acts 1890, p. 652), but the appellant appeared, and proposed to land owners interested in the proposed ditch, that if they would donate to it a strip of land for its right-of-way, it would construct and maintain the ditch free of further cost to them.    This offer was accepted, and the commissioners abandoned their proposed work.    But a number of owners of land which did not lie in the route of the ditch, but which was expected to be benefited by it, were called upon to contribute money, according to the benefits to be received by them, sufficient to pay the owners of those lands which were to be taken for the right-of-way the fair value thereof.    A conference of all these owners was held, and it was agreed among them that three disinterested neighbors should appraise the value of each parcel, and that notes should be given by the benefited owners to cover the awards.    These notes were conditioned that they were to be void if the appellant should fail to build the ditch, and $1,000 worth of the notes were awarded to respondents, but the failure of the appellant to build the ditch has rendered them worthless.

The appellant's right-of-way agent, who negotiated for the conveyances, was present at the meeting when the arrangements described were made, and received from the land owners their assent to his proposal to dig the ditch for the right-of-way, and a form for the condition which they wished inserted in their deeds; and, from the fact of his presence there, it is sought to fasten upon the appellant a liability measured by the amount of the notes assigned to the respondents. But, taking the respondents' evidence at the strongest, we are unable to see how any such result can be wrought out. It was not shown that the agent participated in any of the arrangements made between the ditch beneficiaries. He had no voice in the choice of the appraisers, and never was consulted in regard to the appraisement or the award of notes.

The rule that is invoked by the respondents seems to be that laid down in *Skagit Railway & Lumber Co. v. Cole*, 2 Wash. 57 (25 Pac. 1077); but the cases have no similarity in principle whatever. Cole was allowed to recover the actual, direct losses he suffered, so far as they were held to be within the necessary contemplation of the parties to an executory contract. But here there is an executed sale of land, for a certain consideration expressed in the deed; and if that consideration has wholly failed, and the provision in the deed with regard to a ditch constitutes a covenant, the usual rule of damages in such cases should be applied. Such a rule the parties must be held to have contemplated, not a rule set up and applied by an *ex parte* tribunal of appraisers, whose action received no assent from the appellant either at the time they were appointed, or when they acted or afterwards. It is quite likely that the consideration which moved the respondents was the building of the ditch for the benefit of their own land, and the receipt of the $1,000, and appellant's agent may have known that without both he could not secure the deed; but

it is not shown that the agent in any way undertook to procure the payment of the money, or that it was ever suggested to him that a sum of $1,000 and the building of the ditch were equivalents for the right-of-way. Much less does he appear to have assented to that proposition. The court admitted the report of the appraisers to establish the damage, and thereby adopted an erroneous basis of admeasurement.

Other interesting questions were presented in the case, but they are unnecessary to its determination. As the only damage alleged and persisted in was the loss of the proceeds of the notes, the judgment must be reversed, and the cause dismissed.

ANDERS and HOYT, JJ., concur.

DUNBAR, C. J., and SCOTT, J., dissent.