[No. 1470. Decided January 8, 1895.]

## F. D. C. MILLS, *Respondent, v.* SEATTLE & MONTANA RAIL-WAY COMPANY, *Appellant.*

**DEEDS—CONDITION SUBSEQUENT—COVENANT TO MAINTAIN DITCH —REMEDY FOR BREACH.**

Where a conveyance of land is made upon the condition that the grantee will construct and perpetually maintain a ditch for the drainage of adjoining land of the grantor, which condition is "made a part of the consideration of the transfer," such provision is a condition subsequent and not a covenant, especially when the grantee sets up the claim that the same is a condition subsequent and that it is content to have a forfeiture declared for failure to perform.

In such a case, the grantor cannot maintain an action for damages for the failure of the grantee to construct and maintain proper ditches as provided for in the deed, but the remedy is an action for recovery of the land and forfeiture of the estate granted.

*Appeal from Superior Court, Skagit County.*

*Burke, Shepard & Woods,* for appellant.

The words of the deed, to-wit, "subject to the following conditions which are made a part of the consideration of the foregoing transfer," import a condition subsequent and not a covenant. Devlin, Deeds, §§ 970–978; 1 Wood, Railway Law, § 209; *Mead v. Ballard,* 7 Wall. 290; *Woodruff v. Trenton Water Power Co.,* 10 N. J. Eq. 489; *Noyes v. St. Louis, etc., R. R. Co.,* 21 N. E. 487; *Farnham v. Thompson,* 57 Am. Rep. 59; *Close v. Burlington Ry. Co.,* 19 N. W. 886; *Blanchard v. Railway Co.,* 31 Mich. 43; *Horner v. Chicago, etc., Ry. Co.,* 38 Wis. 165; *Langley v. Chapin,* 134 Mass. 82; *Warner v. Bennett,* 31 Conn. 478; *Sharon Iron Co. v. Erie,* 41 Pa. St. 341; *Indianapolis, etc., Ry. Co. v. Hood,* 66 Ind. 580; *Cross v. Carson,* 44 Am. Dec. 742; *Hooper v. Cummings,* 45 Me. 365; *Underhill v. Saratoga Ry. Co.,* 20 Barb. 455; *Hammond v. Port Royal Ry. Co.,* 15 S. C.

10; *Smith v. Stewart*, 6 Blackf. 162; *Jackson v. Florence*, 16 Johns.
47; *Emerson v. Simpson*, 82 Am. Dec. 168; *Leach v. Leach*, 58 Am.
Dec. 642.

If it is doubtful whether a clause in a deed be a covenant or a con-
dition, the courts will incline against the latter construction. But
this rule has no application where the grantee himself claims that it
is a condition and not a covenant. *Witt v. St. Paul, etc., Ry. Co.*, 35
N. W. 864; *Blanchard v. Detroit Ry. Co.*, 31 Mich. 46; *Paschall v.
Passmore*, 15 Pa. St. 308; *Farnham v. Thompson*, 57 Am. Rep. 59;
Devlin, Deeds, § 840.

*Million & Houser*, for respondent.

It has been almost universally held that provisions in right-of-way
deeds for the construction of fences, crossings, etc., are covenants
and not conditions. *Emerson v. Simpson*, 82 Am. Dec. 168; *Brad-
street v. Clark*, 21 Pick. 389; *Lydick v. Baltimore, etc., R. R. Co.*,
17 W. Va. 427; *Georgia, etc., Ry. Co. v. Reeves*, 64 Ga. 492; *Avery
v. New York Central, etc., Ry. Co.*, 106 N. Y. 142; *Peden v. Chicago,
etc., Ry. Co.*, 73 Iowa, 328; *Midland Ry. Co. v. Fisher*, 24 N. E.
756; *Louisville, etc., Ry. Co. v. Power*, 21 N. E. 751; *Hartung v.
Witte*, 59 Wis. 285. By accepting and acting under a deed convey-
ing a right-of-way and containing certain conditions, a railway com-
pany impliedly contracts to perform such conditions, and a failure
to do so renders it liable to assumpsit or to an equivalent action.
*Conger v. Chicago, etc., Ry. Co.*, 15 Ill. 366; *Joliet Ry. Co. v. Jones*,
20 Ill. 225; *Kankakee, etc., R. R. Co., v. Fitzgerald*, 17 Ill. App.
530; *Gray v. Burlington, etc., R. R. Co.*, 37 Iowa, 119; *Baker v.
Chicago, etc., Ry. Co.*, 57 Mo. 265; *Hubbard v. Kansas City, etc.,
R. R. Co.*, 63 Mo. 68; *Craig v. Wells*, 11 N. Y. 320; *Cullen v.
Sprigg*, 23 Pac. 222; *Portland v. Terwilliger*, 19 Pac. 90; *Stone v.
Houghton*, 139 Mass. 175.

The agreement in the deed to construct the ditch was simply a
part of the consideration of the transfer, and a failure to do so
according to the stipulation would only amount to a partial failure
of consideration which would not necessarily defeat the deed or for-
feit the estate; 2 Devlin, Deeds, § 809; *Gray v. Lake*, 48 Iowa, 505;
Sedg. & W., Trial of Title to Land, § 307. The vendor's remedy is
an action for the price, for damages, or, in case of executory con-
tracts, for rescission of the contract; and vendor has his election as
to which remedy he will pursue in such cases, and in case of condition
subsequent expressly created. 1 Wood, Railway Law, § 209; *Chi-
cago, etc., Ry. Co. v. Titterington*, 84 Tex. 218 (31 Am. St. Rep. 39);
*Gulf, etc., Ry. Co. v. Dunman*, 74 Tex. 265; *Bassett. v. Bassett*, 55
Me. 127; *Hartman v. Reed*, 50 Cal. 485; *Goodspeed v. Fuller*, 46

Me. 141 ; 6 Lawson, Remedies, § 2762 ; 2 Washb., Real Prop., §§ 16,. 17 ; Sedg. & W., Trial of Title to Land, § 307 ; Pierce, Railroads, p.. 135 ; 1 Rorer, Railroads, p. 320.

The opinion of the court was delivered by

STILES, J.—This was an action for damages, brought by the respondent upon substantially the same state of facts,. and upon the terms of a similar deed, as were presented in *Moorman v. Seattle & Montana Ry. Co.*, 8 Wash. 98 (35 Pac. 596).

But in this case the damages proved and recovered related wholly to the increased value of her land, which respondent alleges she would have realized had the ditch been constructed as provided for in the deed, and to the loss suffered by her in consequence of the failure of the appellant to so construct and maintain the ditch. There was something additional concerning fences and a crossing, but it was immaterial.

The recovery was had upon the theory that the stipulations in the deed constituted a promissory covenant which the appellant was bound to perform and that, upon its failure, damages was the proper remedy. The appellant contended that the stipulations should be construed as a condition subsequent, and it addressed its demurrer, and many objections made upon the trial, to that point. We shall consider the demurrer only.

It is a proposition too well understood to require argument or citation, that courts do not favor forfeitures, and that for that reason, they go very far in construing the provisions of a deed poll against the grantor, to the end that the estate granted may not be defeated, since the almost universal effect of sustaining a stipulation in such an instrument as a condition subsequent is to work great hardship upon the grantee. But wherever the terms of the instrument are plain and unambiguous, there is no hesitation in enforcing the actual contract made by the parties.

Where, however, the rare instance occurs, as it does here, that the grantee is found insisting upon the construction of a

condition subsequent, and that forfeiture shall take place, all consideration for him, and all idea of hardship to him is eliminated, and the court is free to act without such consideration. The appellant here has all along been urging the theory of a condition subsequent, and has by its answer offered to pay the just value of the land taken by it, and damages to land of the respondent not taken.

But upon the merits of the case, as set forth in the complaint, we think this a case of condition subsequent, without regard to the position of the appellant. The language of the *habendum* : " To have and to hold the said premises, with appurtenances, unto the said party of the second part, and to its successors and assigns forever, subject to the following conditions, *which are made a part of the consideration of the foregoing transfer*," tends to support this view. The consideration is to cover not only the construction of the ditch, but the perpetual maintenance of it ; so that if at any time the maintenance should be discontinued it might be said that the consideration had failed. Or if this result did not follow, there would be frequent actions for damages; or proceedings to compel specific performance, which would be impracticable. Again, the obvious purpose, and the only reasonable purpose imaginable for the construction of this ditch, was and must have been (and the evidence in the case confirms this), to provide a means by which respondent's land might be more effectually drained and become more easily cultivated and more productive. But if the ditch had been constructed in the most efficient manner known to human skill, and no such results had been obtained, the mere existence of the ditch would have been of no value to the respondent. But, further, the respondent was the recipient of some of the neighborhood notes intended to pay for the rights of way, and she has pleaded the form of them in her complaint. This form contains the following clause : " If the railroad fails or neglects to dig the ditches in the manner specified in its deeds for right of way, or shall *forfeit* its right to lands deeded for said right of way, then this note to be void, and the maker hereof released from all obligations

hereunder"; showing her understanding to be that there might be a forfeiture, when in lieu of the note she could fall back upon the right to regain her land, or have from the appellant its just value. These considerations, and the fact that the grantee in the deed is itself content with a forfeiture should have caused the demurrer to be sustained. Nor will the respondent suffer by this result. Presumably the cost of the ditch was in the eyes of both parties the equivalent of the damages for land to be taken and injured; and the respondent can now employ the money which she will receive in accomplishing the same result herself. We do not think damages of the kind here sued for were ever in the contemplation of either party.

No force is added to the complaint by the allegations that the county commissioners were about to build a ditch, but were stopped by the appellant's proposals. The law under which the commissioners were acting has been declared void and inoperative, and nothing but failure would have followed their attempt. *County of Skagit v. Stiles, ante,* p. 388.

Cases more like the case at bar than any that we have observed are, *Blanchard v. Detroit, etc., R. R. Co.,* 31 Mich. 42 (18 Am. Rep. 142), and *Hammond v. Railroad Co.,* 15 S. C. 10. In the former, specific performance of a condition requiring the erection of a depot building and the stopping of trains on land conveyed was refused, the defendant taking the position that the stipulations constituted a condition subsequent and not a covenant; in the latter the grantor successfully contended that a provision for the maintenance of drainage ditches was a condition and not a covenant.

Judgment reversed and cause remanded with directions to sustain the demurrer and dismiss.

HOYT and ANDERS, JJ., concur.

DUNBAR, C. J., dissents.