[No. 33052.   Department One.   September 22, 1955.]

CLARA MARCELLA GROVE, *Respondent*, v. CLAYTON EDWIN
PAYNE *et al.*, *Appellants.*[1]

[1]Reported in 288 P. (2d) 242.

462

*W. C. Losey,* for appellants.

*Joseph P. Delay,* for respondent.

FINLEY, J.—This is an action to quiet title to real property situate in Pend Oreille county. On November 22, 1916, defendant Clayton E. Payne executed a will which provided that, upon his death, the real property in question should be sold and the proceeds divided equally among his five brothers and sisters. Mr. Payne's sister, the plaintiff Clara Grove, was appointed executrix of this will.

On or about December 27, 1919, Mr. Payne executed a deed which purported to convey the property in question to his sister, the plaintiff. The pertinent provisions of this instrument are as follows:

"THIS INDENTURE WITNESSETH, That Clayton E. Payne (a bachelor) party of the first part, for and in consideration of the sum of One Dollar ($1.00) in lawful money of the United States of America, to him in hand paid by Clara Marcella Grove, party of the Second part, has GRANTED, BARGAINED and SOLD, and by these presents does Grant, Bargain, Sell and Convey unto the said party of the second part, and to her heirs and assigns, *subject to will made prior*

*to this date, with such codicils as may be added* the follow-ing described real property situate, lying and being in the County of Pend Oreille, State of Washington, to-wit: . . . [description of the real property follows], Together with all and singular the tenements, heredita-ments, appurtenances thereunto belonging, or in anywise appertaining, and the rents, issues and profits thereof, *this indenture being subject to the terms of a certain will and testament* made by Clayton E. Payne prior to this date, *to-gether with such codicils as may be added* subject to this date by the Clayton E. Payne To HAVE AND TO HOLD, the said premises, with all their appurtenances, unto the said party of the second part, *and to her heirs and assigns forever*; and the said Clayton E. Payne party of the first part, for him-self and for his heirs, executors and administrators, does hereby covenant to and with the said party of the second part, her heirs and assigns, that he is the owner in fee sim-ple of said premises, and that they are free from all encum-brances whatsoever and that he will WARRANT and DEFEND the title thereto against all lawful claims whatsoever. . . ." (Italics ours.)

On the same day that he executed the foregoing deed, Mr. Payne prepared an instrument which purported to be a lease from Mrs. Grove to him for the period of his life. The rent reserved was the payment of the taxes on the property, and Mr. Payne covenanted not to sublet or assign the lease, or any part, without the consent of Mrs. Grove. This in-strument further provided that, upon failure to pay the rent, or upon breach of any of the covenants of the lease, *Mrs. Grove could re-enter the premises.* Mr. Payne sent this instrument to Mrs. Grove, who signed and returned it. Thereafter, both the deed and the lease were recorded by Mr. Payne.

Subsequently, Mr. Payne failed to pay the taxes on this property for the years of 1932, 1933, 1934, 1937, 1952, 1953, and 1954.

On September 24, 1951, Mr. Payne prepared and exe-cuted two instruments. One of these was a deed, quitclaim-ing all of Payne's interest in and to the real property in-volved herein to Finley F. Taylor. The other instrument was a codicil to his will (executed on November 22, 1916,

as mentioned heretofore), whereby Mr. Payne purported to revoke that clause of his will in which he had made a provision for the disposition of the property here involved. The codicil further provided that the property be devised to Finley F. Taylor. Mr. Taylor was in possession of the property at the time Mrs. Grove commenced this action to establish her title to the property as against the defendants.

Judgment was entered in the trial court, declaring: (1) that Mrs. Grove is the owner and entitled to possession of the real property in question; (2) that the defendants have no interest whatsoever in the property, and are forever barred from asserting any claim thereto against Mrs. Grove; and (3) that possession of the premises be returned to Mrs. Grove.

■ The defendants have assigned error to all of the trial court's findings of fact, but have not set forth verbatim in their brief the challenged portions of these findings, as required by Rule on Appeal 43, as amended, effective January 2, 1953, 34 A Wn. (2d) 47. Mrs. Grove contends that these findings must, therefore, be accepted as verities. We believe that, in all the particulars necessary to a consideration of defendants' arguments, the challenged findings are truly conclusions of law; and, therefore, the scope of review available to defendants has not been limited or restricted by their failure to comply with the rule.

It is clear that this action is one which is governed by the provisions of RCW 7.28.010:

"Any person having a *valid subsisting interest* in real property, and a *right to the possession thereof,* may recover the same by action in the superior court of the proper county, to be brought against the tenant in possession; if there is no such tenant, then against the person claiming the title or some interest therein, and may have judgment in such action quieting or removing a cloud from plaintiff's title."

In disposing of this appeal, we must first determine whether Mrs. Grove has such a "valid subsisting interest" in the real property as would entitle her to maintain this action by virtue of RCW 7.28.010. The deed from Mr. Payne

to Mrs. Grove recites, in the premises thereof, that the property was conveyed to Mrs. Grove "and her heirs and assigns." The habendum clause of this deed provides that the property was conveyed to Mrs. Grove "and to her heirs and assigns forever." Such language clearly indicates that the estate conveyed was to have a duration potentially infinite. It must, therefore, be one of the fee simple estates. I Restatement of Property 39, § 14. However, elsewhere in the deed, the grantor has stated, (1) that the grant is "subject to will made prior to this date, with such codicils as may be added"; and (2) "this indenture being subject to the terms of a certain will and testament made by Clayton E. Payne prior to this date, together with such codicils as may be added subject  . . .  [*sic,* subsequent] to this date  . . . ."

■■  It is the general rule that, in order to place a limitation upon an estate or to make it conditional, the language used in the deed must clearly indicate such an intent, either by express terms or by necessary implication from the language used. *King County v. Hanson Inv. Co.,* 34 Wn. (2d) 112, 208 P. (2d) 113; 4 Thompson, Real Property (Perm. ed) 563, § 2037; 1 Tiffany, Real Property (3d ed.) 309, § 192. However, when the intent to attach an element of defeasibility to the estate granted is expressed in the deed in plain and unambiguous language, there is no hesitation in enforcing the contract made by the parties. *Mills v. Seattle & Montana R. Co.,* 10 Wash. 520, 39 Pac. 246. We think it is quite clear that Mr. Payne intended to convey a defeasible estate.

■  Since the deed provides that the estate created has a duration potentially infinite, but that all interest of grantee in the property may be divested, the estate created must be one of the fee simple estates. IV Restatement of Property 43 (1936), § 16. Any defeasance which may occur must occur by virtue of some will of the grantor, or codicil thereto, becoming operative upon the death of the grantor. Inasmuch as Mr. Payne is now living, it is evident that Mrs. Grove presently has a valid subsisting interest in the real property, sufficient to enable her to maintain this action

under the provisions of RCW 7.28.010. Therefore, we do not find it necessary on this appeal to determine the exact nature of the estate granted by Mr. Payne to Mrs. Grove.

■ Having concluded that Mrs. Grove is entitled to bring this action, we must next determine whether any of the interests asserted by the defendants are superior to the interest established by Mrs. Grove. The gravamen of this type of action is a determination of all the interests claimed by defendants in the property. *Symington v. Hudson*, 40 Wn. (2d) 331, 243 P. (2d) 484.

■ The life lease to Mr. Payne would entitle him to a present possessory interest in the real property involved; however, there is a provision in the lease that, upon failure to pay the rent or upon breach of any of the covenants of the lease, the lessor (Mrs. Grove) may re-enter the premises. The failure of Mr. Payne to pay the rent reserved— that is, the taxes for the years indicated heretofore—constitutes a breach of the lease entitling Mrs. Grove to re-enter the premises. She is asserting this right in the instant action. In addition, the quitclaim deed from Mr. Payne to Mr. Taylor was an attempted assignment by Mr. Payne of any leasehold interest he might have, and this, also, would constitute a breach of the covenant against assignment of the lease without the consent of the lessor. Thus, not only by his failure to pay the rent reserved, but by his attempted assignment of the lease, Mr. Payne created in Mrs. Grove a right of re-entry, which she is now exercising by virtue of this action. RCW 7.28.250. In other words, whatever possessory interest Mr. Payne may have had under the terms of the life lease was terminable, and has come to an end.

■ The quitclaim deed of September 24, 1951, from Mr. Payne to Mr. Taylor, while it may have been sufficient to convey Mr. Payne's *potentially voidable* leasehold estate, is invalid as a muniment of title, because the leasehold estate of Mr. Payne is terminated. Furthermore, the quitclaim deed is not valid as a conveyance of Mr. Payne's power of revocation by testamentary disposition. The power of revocation reserved by Mr. Payne (in the deed to Mrs. Grove) is not an interest in the property which can be

transferred to another. "A power to revoke is not transferable or descendable, nor may it be alienated or passed by will. It is personal to the holder." 3 Tiffany, Real Property (3d ed.) 14, § 681.

■ The codicil to Mr. Payne's will, executed on September 24, 1951, which provides that the property in question shall be devised to Mr. Taylor, is ambulatory and inoperative until the death of Mr. Payne; therefore, it does not *presently* vest Mr. Taylor with any interest in the real property involved.

■■ As pointed out above, Mr. Payne's power to revoke by testamentary disposition is a personal, nontransferable one. Furthermore, it is still a valid and subsisting power personal to and in Mr. Payne, although he may have intended to convey or transfer his power of revocation to Mr. Taylor by the quitclaim deed. In other words, an attempt to transfer or alienate a personal power to revoke does not cancel or destroy the power. Mrs. Grove is presently entitled to possession of the land in question. Her interest in the property may or may not be modified or revoked absolutely at some time in the future through a testamentary disposition by Mr. Payne.

The judgment is reversed, and the cause is remanded with instructions to modify the judgment to conform with the views expressed in this opinion. Neither party shall be allowed costs in this court.

HAMLEY, C. J., and OTT, J., concur.

SCHWELLENBACH and DONWORTH, JJ., concur in the result.

November 16, 1955. Petition for rehearing denied.