IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| DIANA WALSH, as Trustee of the | ) | No. 38747-0-III |
| PHYLLIS VON MILLER LIVING TRUST, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | UNPUBLISHED OPINION |
| v. | ) | |
| | ) | |
| SALLY CLARK, an individual, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — Sally Clark appeals an adverse summary judgment order, granting Diana Walsh's claim for ejectment and a related writ of restitution. We affirm.

FACTS

Sally Clark, Laurana Walsh, and Diana Walsh are the daughters of the late Phyllis Von Miller. Prior to her death, Ms. Von Miller executed the Phyllis Von Miller Living Trust (the Trust), listing her daughters as beneficiaries,[1] and naming Ms. Clark the successor trustee. In 2001, the Trust took title to real property located in Newport,

---

[1] A son, William Robert Clark, is also listed as a trust beneficiary, but was not a party to the ejectment proceedings in superior court.

Washington (the Property). In 2013, Ms. Von Miller executed a codicil to her will and the

Trust, which stated:

> I hereby give, devise and bequeath [the Property] to my twin daughters,
> DIANA LESLIE WALSH and LAURANA ANGELL WALSH, to share
> and share alike, as joint tenants, with full rights of survivorship.

Clerk's Papers (CP) at 58.

Ms. Von Miller died in 2017, and Ms. Clark assumed the role of successor trustee

to the Trust. Ms. Clark then moved onto the Property, but failed to make rent payments to

the Trust, and used Trust funds to pay utilities for the Property and to pay for her personal

vehicle expenses.

In January 2021, Diana and Laurana Walsh filed a petition under the Trust and

Estate Dispute Resolution Act (TEDRA), chapter 11.96A RCW, requesting the court

declare the Trust conveyed the Property to the sisters, as beneficiaries, to the exclusion of

Ms. Clark. Following her sisters' filing of the TEDRA petition, Ms. Clark conveyed the

Property to herself, using $110,000 of trust funds to finance the purchase. The Walshes

then filed a motion to remove Ms. Clark as trustee. In March 2021, the court entered an

order removing Ms. Clark as trustee and appointing Diana Walsh as trustee.

A few months later, Diana and Laurana Walsh moved for summary judgment,

requesting the court void the deed granted from the Trust to Ms. Clark, declare Ms. Von

2

Miller's 2013 codicil effective, and order the Trust to convey the Property to the Walshes per the 2013 amendment. In September 2021, the court entered an order granting Laurana and Diana Walsh's requested relief.[2]

Ms. Clark was asked to leave the Property but failed to comply and instead obstructed Diana Walsh's access to the Property. In response, in November 2021, Diana Walsh filed a summons and complaint for ejectment and recovery and possession of the Property, which was served on Ms. Clark. The complaint stated the Property was unlawfully detained by Ms. Clark. On December 17, 2021, counsel for Ms. Clark filed a notice of limited appearance.

On January 3, 2022, Diana Walsh moved in the superior court for an order declaring Ms. Clark to be in default for failure to answer the complaint. Ms. Walsh also filed a motion for summary judgment, requesting the court issue a writ of restitution restoring the Property to Diana Walsh as trustee of the Trust so she could transfer the property to herself and Laurana, per the 2013 amendment to Ms. Von Miller's will and

---

[2] Ms. Clark appealed the superior court's order on summary judgment to this court. The appeal was ultimately dismissed based on Ms. Clark's failure to file a statement of arrangements and designation of clerk's papers, despite being given multiple opportunities to do so. *See* Commissioner's Ruling, *In re Estate of Von Miller*, No. 38470-5-III (Wash. Ct. App. Jun. 2, 2022). Importantly, the superior court order removing Ms. Clark as trustee and naming Diana Walsh as trustee was not appealed.

trust. A hearing was set for February 3, 2022. Counsel for Ms. Walsh filed a declaration of service, stating that both Ms. Clark and her counsel had been served by mail with the notice of hearing on the motion for summary judgment and a motion for default.

On the afternoon of February 2—the day before the hearing—Ms. Clark filed a response to the motion for default and requested a continuance to respond to the summary judgment motion. Attached as an exhibit to her response Ms. Clark included, for the first time, her answer and affirmative defenses to the complaint for ejectment and recovery of possession of the Property. Ms. Clark asked the court to deny the motion for default, contending she had appeared and defended herself in the matter by filing an answer and affirmative defenses prior to the hearing for the motion for default.

In response to the summary judgment motion, Ms. Clark requested a continuance to "permit discovery and to allow additional time to provide declarations in opposition to Plaintiff's pending Motion for Summary Judgment." CP at 151. Ms. Clark further explained that the entry of summary judgment would be unfair because the quiet title summary judgment order entered during September 2021 in the TEDRA action was pending before this court on appeal. Ms. Clark also argued that irregularities in the cause number designations caused her prejudice:

> It appears that after Defendant's counsel's searching this case and
> contacting the Pend Oreille Deputy Clerk, this matter has two separate

4

cause number designations: 21-2-00108-7 and 21-2-00108-26. The case filed under 21-2-00108-7 is available under Washington State's Court website, but designated as "Archived." . . . That said, when a search was made for case number 21-2-00108-26, it indicated that there is no case record available. Defendant's counsel contacted the Pend Oreille Deputy Clerk that indicated that she will submit a ticket to the State; however, she was kind enough to access and submit the case summary to Defendant's counsel yesterday. The two-designation case number is prejudicial to Defendants as the designation on the case number of Plaintiff's current motion for summary judgment could not be found.

*Id*. at 152. Finally, Ms. Clark summarily argued "genuine issues of material fact exist[] as to the rights of the [P]roperty." *Id*.

As part of her opposition to default and summary judgment, Ms. Clark submitted a declaration, in which she stated she "did not receive any direct mailing of Plaintiffs Motion for Default and Summary Judgment." *Id.* at 168.

During the hearing on the pending motions, the court noted Ms. Clark had a history of late filings, stating:

Here, unfortunately for Ms. Clark this is a situation that we found ourselves in on multiple occasions where the day of or minute prior or sometimes the day prior Ms. Clark comes in with these requests, despite having adequate notice she makes—suggestions that mail was being tampered with, and none of this has ever come to fruition. She's had notice of these proceedings for some time, and as [opposing counsel] points out the—I guess the salient facts here have been much established in the prior action.

Rep. of Proc. (RP) (Feb. 3, 2022) at 10.

The parties also discussed the cause number issue. Counsel for Ms. Clark argued that the court website showed the case associated with the cause number for the ejectment, recovery and possession action was unavailable. Counsel for Ms. Walsh emphasized that regardless of any inaccuracies on the website, all the relevant documents associated with the ejectment action had been served on both Ms. Clark and her counsel.

The court denied Ms. Clark's CR 56(f) request for a continuance to allow her to conduct discovery, explaining that she failed to identify the evidence she sought to obtain that would create a genuine issue of material fact. The court granted Ms. Walsh's motion for summary judgment and issued a writ of restitution to restore Ms. Walsh to possession of the Property. The court found Ms. Clark guilty of unlawful detainer and authorized law enforcement to "use any and all force necessary to break into the premises to remove" Ms. Clark. CP at 171-72.

On February 8, 2022, Ms. Clark appealed to this court, challenging the superior court's order granting summary judgment and its writ of restitution.

ANALYSIS

Ms. Clark contends the superior court improperly denied her request for a continuance of the summary judgment hearing to conduct discovery by ignoring her declaration on failed service, improperly considering her prior untimely conduct, and

failing to account for the confusion related to irregularities in the cause numbers at the court's website. Further, she alleges that the motion for summary judgment was evidentiarily insufficient and genuine issues of material fact remain. We address each contention in turn.

*Request for continuance*

CR 56(f) permits a trial court to continue a hearing on summary judgment when the party seeking a continuance offers a good reason to the delay the proceedings to conduct discovery. *Durand v. HIMC Corp.*, 151 Wn. App. 818, 828, 214 P.3d 189 (2009). A trial court may deny a motion for a continuance when (1) the requesting party does not have a good reason for the delay, (2) the requesting party does not indicate what evidence would be established by further discovery, or (3) the new evidence would not raise a genuine issue of fact. *Qwest Corp. v. City of Bellevue*, 161 Wn.2d 353, 369, 166 P.3d 667 (2007), *abrogated on other grounds by Cost Mgmt. Servs., Inc. v. City of Lakewood*, 178 Wn.2d 635, 310 P.3d 804 (2013). Denial is proper if based on any one of these factors. *Pelton v. Tri-State Mem'l Hosp., Inc.*, 66 Wn. App. 350, 356, 831 P.2d 1147 (1992). This court reviews a trial court's refusal to grant a continuance for abuse of discretion. *Durand*, 151 Wn. App. at 828.

Here, the superior court denied a request for continuance of the summary judgment

hearing because Ms. Clark could not articulate what evidence would be established by

engaging in further discovery. In its oral ruling, the superior court observed:

> I think there has to be an affirmative showing of some sort of facts, not
> simply stating discovery hasn't happened. And—and something has to be
> pointed to that—that would create a genuine issue of material fact or even
> the possibility of one.

RP (Feb. 3, 2022) at 10.

Indeed, beyond simply stating that additional discovery was necessary to "assess

each parties [sic] rights and obligations concerning the respective property at issue,"

CP at 152, at no point during the hearing or in Ms. Clark's written submissions did she

identify what evidence she sought to obtain through discovery. The law is clear that if

the requesting party cannot articulate what evidence would be established by further

discovery, a trial court's denial of a CR 56(f) request for continuance is proper. *Pelton*,

66 Wn. App. at 356.

Thus, while Ms. Clark raises various concerns regarding the sufficiency of service

of the pleadings mailed to her, her prior conduct, and irregularities with cause numbers,

any prejudice associated with those issues is irrelevant if she cannot demonstrate what

information she seeks to discover and how its discovery could create a genuine issue of

material fact for trial. Ms. Clark made no such showing in the trial court. The court did not abuse its discretion in denying a continuance to conduct discovery.

*Summary judgment*

This court reviews an order of summary judgment de novo, engaging in the same inquiry as the trial court. *Highline Sch. Dist. No. 401 v. Port of Seattle*, 87 Wn.2d 6, 15, 548 P.2d 1085 (1976). "[S]ummary judgment is appropriate only where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Herskovits v. Grp. Health Coop. of Puget Sound*, 99 Wn.2d 609, 613, 664 P.2d 474 (1983) (plurality opinion). The reviewing court must draw all reasonable inferences in favor of the nonmoving party. *Id*.

Acting as trustee of the Trust, Diana Walsh petitioned pursuant to chapter 7.28 RCW for an order of ejectment and recovery of real estate. "Ejectment is a remedy for one who, claiming a paramount title, is out of possession." *Bar K Land Co. v. Webb*, 72 Wn. App. 380, 383, 864 P.2d 435 (1993). There are three basic elements to an ejectment action: (1) the plaintiff owns the property, (2) the defendant is in possession of the plaintiff's property, and (3) the defendant has refused to surrender possession of the property to the plaintiff. 118 AM. JUR. PROOF OF FACTS 3D *Establishing Fee Simple Determinable Title* § 7, at 147 (2011).

9

The motion for summary judgment set forth sufficient facts to establish the elements for ejectment. The September 2, 2021, order in the TEDRA action established the owner of the property was "Diana Walsh, as Trustee of the Phyllis Von Miller Living Trust." CP at 8. The declaration filed in support of default in the ejectment action asserted that Sally Clark resided on the property and that Ms. Clark had refused to leave, despite being asked to do so. *Id*. at 31. Given Ms. Clark failed to raise a genuine dispute over any of the foregoing facts, nothing more was needed to be shown to justify an order ejecting Ms. Clark from the property.

## CONCLUSION

The order of summary judgment and related writ of restitution are affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____          _____
Fearing, C.J.                                     Staab, J.