# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| SCOTT PEACE and KIMBERLY PEACE, husband and wife,<br><br>Respondents,<br><br>v.<br><br>AMAS CANZONI, an individual, and any and all occupants of the real property located at 17015 Vail Loop Rd SE, Rainer, WA, 98576,<br><br>Appellant. | No. 59883-3-II<br><br><br><br>UNPUBLISHED OPINION |

MAXA, J. – Amas Canzoni appeals the trial court's grant of summary judgment and writ of ejectment in favor of Scott and Kimberly Peace (the Peaces). Canzoni owned property that Bank of America purchased in a nonjudicial foreclosure sale. Bank of America then sold the property to the Peaces. Canzoni refused to leave the property, and the Peaces filed a lawsuit for a writ of ejectment to remove him from the property.

Canzoni primarily argues that (1) personal service on him was improper, (2) the trial court lacked personal jurisdiction over him and subject matter jurisdiction, and (3) there are genuine issues of fact that preclude summary judgment. He also raises multiple "sovereign citizen" arguments.

We hold that (1) service of process was proper because Canzoni was personally served with the summons and complaint, (2) the trial court had personal and subject matter jurisdiction,

and (3) summary judgment was proper because the Peaces had superior title to the property. Canzoni's remaining arguments have no basis in law and are unintelligible.

Accordingly, we affirm the trial court's grant of summary judgment and writ of ejectment in favor of the Peaces.

FACTS

Canzoni owned property in Rainier. The property was secured by a mortgage with North Star Trustee, LLC. North Star initiated a nonjudicial foreclosure when Canzoni failed to pay the mortgage. Bank of America purchased the property at a foreclosure auction in May 2023 and executed a trustee's deed eliminating Canzoni's interest in the property. The Peaces purchased the property from Bank of America in March 2024.

When Canzoni refused to leave the property, the Peaces filed a complaint seeking a writ of ejectment. Canzoni was personally served with the summons and complaint. Canzoni filed a motion to dismiss the complaint for lack of personal and subject matter jurisdiction based on sovereign citizen arguments. The trial court denied the motion.

The Peaces subsequently filed a motion for summary judgment. In support of summary judgment, they submitted declarations attaching documents that outlined the foreclosure and sale of the property as described above. Canzoni again made sovereign citizen arguments, arguing that there was a genuine dispute of fact that the trial court had jurisdiction over him or the land. He also disputed whether the underlying foreclosure sale was proper. Canzoni attached various documents as exhibits asserting that he was not subject to the laws of Washington or the United States.

The trial court granted the Peaces' summary judgment motion. The court found that the Peaces owned the property in fee simple, that Canzoni occupied the property with no legal

interest in it, and that the Peaces were entitled to possession.  The court granted a writ of ejectment to remove Canzoni from the property.  The Thurston County Sheriff removed Canzoni from the property in July 2024.

Canzoni appeals the trial court's order granting the Peaces' motion for summary judgment and writ of ejectment.

## ANALYSIS

A.    LEGAL PRINCIPLES

RCW 7.28.010 permits a party with a "valid subsisting interest in real property, and a right to possession thereof" to bring an action against a tenant in possession.  A plaintiff must establish superior title to the property.  RCW 7.28.120.  Ejectment is the remedy for a person with superior title who is out of possession of their property.  *Bar K. Land Co. v. Webb*, 72 Wn. App. 380, 383, 864 P.2d 435 (1993).

B.    SERVICE OF PROCESS

Canzoni argues that personal service on him was improper.  We disagree.

Under RCW 4.28.080(16), a summons and complaint given to a defendant personally is lawful service.  The record shows that Canzoni was personally served with the summons and complaint.  And Canzoni acknowledges on appeal that he was handed the summons and complaint.  His remaining arguments about service of process are sovereign citizen arguments alleging that he is legally incapable of receiving service of process.  We reject those arguments.  We conclude that service of process was proper.

C.    TRIAL COURT'S JURISDICTION

Canzoni argues that the trial court lacked both personal jurisdiction over him and subject matter jurisdiction.  We disagree.

A superior court obtains personal jurisdiction over a defendant when they are properly served with the summons and complaint. *Gates v. Homesite Ins. Co.*, 28 Wn. App. 2d 271, 279, 537 P.3d 1081 (2023). As noted above, Canzoni was properly served with the Peaces' summons and complaint. Therefore, the trial court had personal jurisdiction over him.

Article IV, Section 6 of the Washington Constitution grants the superior courts with original jurisdiction over cases involving "title or possession of real property." This case concerns possession of real property. Therefore, the trial court had subject matter jurisdiction.

Canzoni's jurisdictional arguments, as well as assignments of error 3 through 12 in his brief, are typical arguments of people who subscribe to a "sovereign citizen" philosophy. Sovereign citizens argue that they cannot be sued without consent and that courts generally lack jurisdiction over them, among other circular and nonsensical theories. *See* Caesar Kalinowski IV, *A Legal Response to the Sovereign Citizen Movement*, 80 MONT. L. REV. 153, 158, 160-63 (2019). Courts repeatedly have held that citizens are subject to the jurisdiction of the courts despite their lack of consent. *See, e.g.*, *United States v. Gougher*, 835 Fed. App'x 231, 233 (9th Cir. 2020).

Canzoni states that calling him a "sovereign citizen" is incorrect because it misunderstands the nature of his argument. Regardless of how he styles them, Canzoni's arguments lack merit or imply a sovereign citizen theory routinely rejected by the courts. Accordingly, we reject Canzoni's jurisdictional arguments.

D.      SUMMARY JUDGMENT

Canzoni argues that there are disputed facts that preclude summary judgment. We disagree.

We review a trial court's decision on a summary judgment motion de novo. *Mihaila v. Troth*, 21 Wn. App. 2d 227, 231, 505 P.3d 163 (2022). Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Id.*; CR 56(c). But summary judgment can be determined as a matter of law if the material facts are not in dispute. *Protective Admin Servs., Inc. v. Dep't of Revenue*, 24 Wn. App. 2d 319, 325, 519 P.3d 953 (2022).

Under RCW 61.24.127(1), except for in certain circumstances not applicable here, a borrower or a grantor who fails to bring a civil action to enjoin a foreclosure sale waives any argument relating to the proper title of the property. Here, Canzoni did not present any evidence that he sought to enjoin the foreclosure sale when it occurred. He also did not assert any of the exceptions in RCW 61.24.127(1). Accordingly, Canzoni waived any argument about the propriety of the underlying foreclosure sale.

There also is no genuine dispute of material fact that the Peaces have superior title to the property. The Peaces produced exhibits demonstrating that Canzoni lost title to the property due to foreclosure, Bank of America purchased the property, and the Peaces legally purchased the property from Bank of America. Canzoni does not state where in the record there is a genuine dispute over the meaning of those documents.

Canzoni argues that the property was not adequately described, raising sovereign citizen arguments about the general nature of property ownership. These arguments do not genuinely dispute that the Peaces legally have superior title to the property.

Because there is no genuine dispute of material fact, the trial court did not err in granting summary judgment and a writ of ejectment in favor of the Peaces.

E.     REMAINING ARGUMENTS

"Appellate courts need not consider arguments that are unsupported by pertinent authority, references to the record, or meaningful analysis." *Cook v. Brateng*, 158 Wn. App. 777, 794, 262 P.3d 1228 (2010).

Canzoni's remaining arguments are unintelligible and fail to cite Washington law. And Canzoni fails to cite pertinent authority. *See Romero v. Dep't of Soc. & Health Servs.,* 30 Wn. App. 2d 323, 338, 544 P.3d 1083 (2024). His arguments reiterate sovereign citizen arguments regarding proper title to land and whether he can be subject to the jurisdiction of the courts generally. These arguments mostly cite case law not binding on this court, and therefore are not "pertinent authority." We reject these arguments as meritless.

CONCLUSION

We affirm the trial court's grant of summary judgment and writ of ejectment in favor of the Peaces.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, J.

We concur:

VELJACIC, A.C.J.

CHE, J.